UNITYPE CO. v. LONG.

(Circuit Court of Appeals, Sixth Circuit. November 22, 1906.)

No. 1,462.

APPEAL AND ERROR—REHEARING—TIME FOR FILING PETITION.

The rule of the Circuit Court of Appeals which requires a petition for rehearing to be filed within 30 days after the filing of an opinion is one of convenience, and should not be enforced where the point on which a rehearing is asked is a reversal of the authority upon which the decision was based after the time for filing of the petition had expired, but before the court had lost jurisdiction over the judgment by the expiration of the term.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3232.]

On Petition for Rehearing.

For former opinion, see 143 Fed. 315.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge.   A petition to rehear was filed in this case before the close of the last term, and our mandate recalled, and a rehearing ordered for the first week of the present term.   We held in the opinion filed herein, upon the authority of Dolle v. Cassell, 135. Fed. 52, 67 C. C. A. 526 (a case decided by this court), that a conditional sale of personal property, retaining the title until the purchase price was paid, was a void agreement as against the creditors of the buyer and his trustee in bankruptcy when not filed as required by section 4155–2, Rev. St. Ohio, 1906.   Our opinion was subsequently overruled by the Supreme Court, and our judgment reversed, and the agreement retaining title to secure the price held valid and enforceable against the bankrupt's trustee.

It follows that the order of affirmance heretofore made will be set aside, and the judgment of the bankruptcy court reversed.   The petition to rehear was filed after the time within which rule 29 (90 Fed. lix, 31 C. C. A. cvi) requires it to be filed.   But the case is one which could be carried to the Supreme Court.   That our judgment would be there reversed, there can be no doubt.   The rule which requires a petition to rehear to be filed within 30 days after the filing of an opinion is a rule of convenience, and should not be enforced where the point upon which a rehearing is asked is a reversal of the authority upon which our decision was made after the time for a petition to rehear, but before we had lost jurisdiction over the judgment by the expiration of the term.